**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JORGE LUIS GARZA, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-99-0455-02 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| CIVIL ACTION H-05-3423 | § | |

**MEMORANDUM AND OPINION**

Jorge Luis Garza was convicted by a jury in 2003 on six counts for cocaine trafficking, laundering drug-trafficking proceeds, and conspiracy. This court sentenced Garza to life imprisonment. Garza filed a direct appeal, which led to an affirmance of the convictions and sentence. His challenges 28 U.S.C. § 2255 were unsuccessful. In 2008, the Fifth Circuit Court of Appeals denied him a certificate of appealability from this court's denial of his § 2255 motion. In February 2012, Garza filed a motion asking this court to provide him with certified copies of sealed punishment phase documents, including the presentence report, any objects, and addenda. He asserts that he needs copies of these records "for further appellate review of his case and for other legal purposes." (Docket Entry No. 395). Federal inmates are not given copies of their sentencing information, such as PSRs, for safety and security reasons. *See, e.g.*, *Sample v. Watts*, 100 Fed. Appx. 317 (5th Cir. 2004). Moreover, the courts have held that federal prisoners are not entitled to obtain copies of court records at government expense to search for possible defects in the proceedings. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *Campbell v. United States,*

538 F.2d 692, 693 (5th Cir. 1976); *United States v. Oquendo,* 1995 WL 16789, *1 (E.D.La. 1995); *United States v. Scott*, 2000 WL 1818514, *1 (E.D.La.). To justify receipt of documents that he requests at government expense, Garza must first file a § 2255 motion and then demonstrate to the court's satisfaction that there is a factually articulable basis for believing that his receipt of the requested documents is needed to decide the issues decided in that action. Not only is no such action pending, the record does not show that Garza has asked the Fifth Circuit Court of Appeals for leave to file a successive motion under § 2255, which would appear to be required. The motion to request court records, Docket Entry No. 395, is DENIED.

SIGNED on March 13, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge